UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BANKS (#292796),

                    Plaintiff,

v.

DONALD TRAMMELL,
ANGELA DYE-SHELAMN,
PAUL OPARKA,
JEWELL DALEY,
VICKI DORROUGH and
LAVERNE DESHEILDS,

                    Defendants,
_____/

CASE NO. 2:13-CV-10199
JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

### ORDER DEEMING MOOT IN PART, DENYING IN PART AND GRANTING IN PART PLAINTIFF'S AUGUST 29, 2013 MOTIONS (Doc. Ent. 27 & 28) and SETTING CASE MANAGEMENT DEADLINES

**A.     Plaintiff's January 17, 2013 Complaint Names Six (6) Defendants.**

Ronnie Banks (#292796) is currently incarcerated at the MDOC's Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. On January 17, 2013, while incarcerated at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan, Banks filed the instant pro se lawsuit against six (6) defendants, each of whom was allegedly employed by the MDOC at the Ryan Correctional Facility (RRF) in Detroit, Michigan. Doc. Ent. 1 ¶¶ 6-12.

On January 22, 2013, Magistrate Judge Whalen entered an order (Doc. Ent. 3) which, in part, granted plaintiff's application to proceed without prepayment of fees (Doc. Ent. 2). Then, on February 15, 2013, Judge Friedman entered an order which, in part, stated that "the United States Marshal shall serve the appropriate papers in this case on defendants Trammell, Oparka, Die, Daley, Dorrough, and DeShield[s][.]" Doc. Ent. 5.

On March 12, 2013, Judge Friedman entered an order (Doc. Ent. 6) directing plaintiff to provide the Court with the defendants' addresses. Plaintiff filed a response on March 27, 2013. Doc. Ent. 7.[1]

**B.    Defendants Trammel, Dorrough and DeShields appeared on August 12, 2013.**

This Court has entered several orders directing service. For example, Judge Friedman's April 4, 2013 order directed the U.S. Marshal to attempt service upon each of the six (6) defendants. *See* Doc. Ent. 8. Thereafter, on several occasions, this Court has directed the U.S. Marshal to attempt service upon certain defendants. *See* Doc. Ent. 11 (May 2, 2013);[2] Doc. Entries 18-20 (July 9, 2013).[3]

On August 12, 2013, an appearance of counsel was entered on behalf of Donald Trammell, Vicki Dorrough and LaVerne DeShields. Doc. Ent. 22; *see also* Doc. Ent. 30.

**C.    Plaintiff's August 29, 2013 Motions Concern Service Upon Certain Defendants and Costs of Personal Service.**

On August 29, 2013, plaintiff filed a Fed. R. Civ. P. 4(d)(2) "motion for failure to waive," wherein he asks the Court to order Dye-Shelamn, Dorrough and/or Daley "to pay the costs of a personal service by the U.S. Marshal service, where these Defendants fail[ed] to comply with a waiver request without good cause." Doc. Ent. 27 at 1. Plaintiff requests that the Court "[g]rant this Motion so that effect service can take place on the Defendant(s)[,]" and/or "delay

---

[1]Judge Friedman has referred this case to me for all pretrial matters. Doc. Ent. 8, 24.

[2]On May 2, 2013, I entered an order (Doc. Ent. 11) granting in part plaintiff's April 15, 2013 motion for extension of time (Doc. Ent. 9) and directing the U.S. Marshal to effect service upon defendants as described in the Court's April 4, 2013 order (Doc. Ent. 8).

[3]*See also* Fed. R. Civ. P. 4(c)(3) ("By a Marshal or Someone Specially Appointed.")

2

Defendants['] Motion for dispositive until [the] rest of the Defendants [are] serv[ed]." Doc. Ent. 27 at 2.

Along with this motion, plaintiff filed a brief in support of his "motion requesting . . . to order the remaining defendants to pay the costs of personal service by the United States Marshal Service[,]" wherein plaintiff specifically mentions Dye-Shelamn, Daley and Oparka. Doc. Ent. 28. It is plaintiff's position that Dye-Shelamn and Daley "failed to comply with waiver request without good cause[,]" in contravention of Fed. R. Civ. P. 4(d)(2). Doc. Ent. 28 at 3 ¶ 9. In the end, plaintiff asks that the Court order Dye-Shelamn and Daley "to pay the costs of personal service by the U.S. Marshal Service before counsel file[s] a dispositive motion [o]n . . . behalf of Defendant(s) Trammell, Dorrough, and Deshield[s][.]" Plaintiff also requests assistance in locating Officer Oparka. Doc. Ent. 28 at 4.[4]

In sum, the Court interprets plaintiff's August 29, 2013 filings as seeking **(a)** assistance with service upon defendants Daley, Dye-Shelamn and Oparka; **(b)** an order requiring certain defendants to pay the costs of personal service by the U.S. Marshal; and even, perhaps, **(c)** relief from any attempt by the U.S. Marshal to collect from plaintiff the usual and customary costs of effecting service upon defendants.

**D.     Defendants Daley, Dye-Shelamn and Oparka Have Since Appeared.**

**1.**     On September 6, 2013, an appearance of counsel was entered on behalf of Jewell Daley. Doc. Ent. 34.

**2.**     The waiver sent on August 30, 2013 was addressed to "Officer Die." However, it was returned to the Court unexecuted, "because 'Die' is not my name[.]" Doc. Ent. 35.

---

[4]*See also* Doc. Ent. 29 (Verification of Service).

3

On September 27, 2013, the Court entered an order directing service as to Dye. Doc. Ent. 36. On November 14, 2013, an appearance of counsel was entered on behalf of Angela Dye-Shelamn. Doc. Ent. 39.

**3.**     Finally, on January 2, 2014, an appearance was entered on behalf of defendant Paul Oparka. Doc. Ent. 40.

**4.**     Thus, plaintiff's August 29, 2013 motions (Doc. Entries 27 and 28) are deemed moot to the extent these filings sought the Court's assistance with service upon defendants Daley, Dye-Shelamn and Oparka.

**E.     Discussion**

**1.     None of the six (6) defendants has filed a substantive motion.**  For example, Daley filed a notice of appearance (Doc. Ent. 34); DeSheilds, Dorrough and Trammell filed a motion for enlargement of time in which to file a responsive pleading (Doc. Ent. 23) and appearances of counsel (Doc. Entries 22 and 26); Dye-Shelamn filed an appearance of counsel (Doc. Ent. 39) and Oparka filed an appearance of counsel on January 2, 2014 (Doc. Ent. 40).

In other words, none of these defendants has filed a responsive pleading. For example, DeSheilds, Dorrough and Trammel executed the waivers sent to them on June 17, 2013 (Doc. Entries 15-17) and timely returned them.[5]  Thus, their responsive pleadings would ordinarily have been due on or about August 16, 2013.[6]  However, by way of the Court's August 13, 2013 order

---

[5] As discussed above, a waiver which was mailed on June 17, 2013 needed to be executed and returned by July 22, 2013 to avoid the cost of service. It appears these waivers were received by the U.S. Marshal on June 21, 2013 and June 25, 2013 (*see* Doc. Entries 15, 16 & 17).

[6] "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 4(d)(3) ("Time

(Doc. Ent. 25), the deadline for DeSheilds, Dorrough and Trammel to file responses was extended to October 16, 2013. Still, although appearances of counsel were filed during August 2013 (Doc. Entries 22 and 26), to date, DeSheilds, Dorrough and Trammel have not filed responsive pleadings.

On July 9, 2013, the Court entered orders directing service without prepayment of costs and directing the MDOC to provide certain information regarding Oparka, Die and Daley. Doc. Entries 18-20. The U.S. Marshal acknowledged receipt of these orders the same day. Doc. Ent. 21. It is the Court's understanding that the U.S. Marshal mailed waivers to Oparka, Die and Daley on August 30, 2013.

If Daley executed the waiver sent to her on August 30, 2013, and timely returned it, then her responsive pleading would have been due on or about October 29, 2013. Although an appearance of counsel was entered on September 6, 2013 (Doc. Ent. 34), to date, Daley has not filed a responsive pleading.

The waiver mailed to "Officer Die" on August 30, 2013 was rejected by the recipient. Doc. Ent. 35. However, if Dye-Shelamn executed the waiver sent to "Officer Dye" on or about September 27, 2013 (*see* Doc. Entries 36 & 37), and timely returned it, then her responsive pleading would have been due on or about November 26, 2013. Although an appearance of counsel was entered on November 14, 2013 (Doc. Ent. 39), to date, Dye-Shelamn has not filed a responsive pleading.

Finally, if Oparka executed the waiver sent to her on August 30, 2013 (*see* Doc. Ent. 38), and timely returned it, then her responsive pleading would have been due on or about October 29,

---

to Answer After a Waiver.").

2013. The Request for Waiver of Service of Summons provides that "[t]he cost of service will be avoided if we receive a signed copy of the waiver within 35 days after the date designated below as the date on which this Notice and Request is sent."[7] Thus, assuming the notice and request mailed on August 30, 2013 reached Oparka, the cost of service would have been avoided if the Court received a signed copy of the waiver on or about October 4, 2013. Based upon the Court's November 15, 2013 notes, Oparka signed the waiver on November 8, 2013 and the Attorney General was waiting for a representation letter from the MDOC to represent Oparka. Eventually, an appearance of counsel was entered on January 2, 2014 (Doc. Ent. 40). To date, Oparka has not filed a responsive pleading.

**2.     The Court will set responsive pleading, discovery and dispositive motion deadlines.**
As noted above, each of the six (6) defendants has appeared; however, they have yet to file substantive or responsive pleadings. Thus, plaintiff need not be concerned that defendants' motion(s) for dispositive relief, such as a Fed. R. Civ. P. 12(b)(6) motion to dismiss or a Fed. R. Civ. P. 56 motion for summary judgment, will take place before the rest of the defendants have been served. *See* Doc. Ent. 27 at 2, Doc. Ent. 28 at 4.

Still, the Court will set responsive pleading, discovery and dispositive motion deadlines.

**3.     The U.S. Marshal shall not collect from plaintiff the usual and customary costs of effecting service upon defendants.** Over the course of this case, the Court has entered five (5) orders directing service without prepayment of costs and authorizing the US Marshal to collect

---

[7]The request that a defendant waive service of a summons must "give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver[.]" Fed. R. Civ. P. 4(d)(1)(F).

costs after service is made. *See* Doc. Entries 11 (May 2, 2013); 18, 19 & 20 (July 9, 2013); and 36 (September 27, 2013). By way of example, the September 27, 2013 order provided that "[t]he Marshal may collect the usual and customary costs from Plaintiff after effecting service." Doc. Ent. 36 at 2.

As is obvious from the above history in this case, service of the January 17, 2013 complaint (Doc. Ent. 1) upon each of the six (6) defendants in this case has taken some time and has not been accomplished without effort by this Court. To begin, my May 2, 2013 order noted that, to date, "none of the defendants has appeared, and it does not appear that the process set forth in the Court's April 4, 2013 order (Doc. Ent. 8) has been initiated." Doc. Ent. 11 at 3. Furthermore, while the docket indicates that the MDOC provided the new addresses which were used for the May 20, 2013 second attempt at service upon defendants and the new addresses which were used for the June 17, 2013 third attempt at service upon defendants Dorrough, DeSheilds and Trammel, the docket also contains June 17, 2013 notes that the MDOC was unable to assist with Oparka and Daley's location of employment. Furthermore, the docket contains four (4) orders directing the MDOC to only provide the U.S. Marshal with an address for service for Daley, Die, Oparka and Dye. *See* Doc. Entries 18-20 (July 9, 2013) & 36 (September 27, 2013).

Upon consideration, the U.S. Marshal shall not collect from plaintiff the usual and customary costs of effecting service upon the six (6) defendants in this case. I arrive at this conclusion, because it does not appear that the length of the process it took to achieve the appearance of each of the six (6) defendants - beginning with the Court's April 4, 2013 order (Doc. Ent. 8) and culminating with the January 2, 2014 appearance of counsel for Oparka (Doc. Ent. 40) - was attributable to plaintiff's actions.

**4.     Plaintiff's request to impose costs of personal service by the U.S. Marshal upon defendants is denied.**  Plaintiff's August 29, 2013 filings (Doc. Entries 27 & 28) rely upon Fed. R. Civ. P. 4(d)(2) ("Failure to Waive."), which provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).  However, for the reasons that follow, the Court will deny plaintiff's request to impose upon defendants the costs of *personal service* by the U.S. Marshal:

***a.     It appears that each of the six (6) defendants has waived service under Fed. R. Civ. P. 4(d) ("Waiving Service."):***  By way of background, Judge Friedman's March 12, 2013 order directed plaintiff to provide the Court with defendants' addresses.  Doc. Ent. 6.  Plaintiff filed a response on March 27, 2013, wherein he suggested that Trammell (Trammel), Die (Dye-Shelamn), Daley, Dorrough and DeShield (DeShields) be served at the MDOC's Macomb Correctional Facility (MRF) in New Haven, Michigan, and that Oparka be served via the MRF Litigation Coordinator.  *See* Doc. Ent. 7.[8]

Thereafter - during the period April 4, 2013 through September 27, 2013 - this Court entered several orders directing service.  *See* Doc. Entries 8, 11, 18, 19, 20, 36.  In part, Fed. R. Civ. P. 4 ("Summons") provides, "[a]n individual, corporation, or association that is subject to

---

[8]Here, plaintiff appears to have relied upon Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States."), specifically the subsection which permits "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  *See* Fed. R. Civ. P. 4(e)(2)(C), Doc. Ent. 7 at 3.

service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1) ("*Requesting a Waiver.*").

In this Court, the form by which waivers of service are sought is titled, "Notice of Lawsuit filed *In Forma Pauperis* in the United States District Court for the Eastern District of Michigan and Request for Waiver of Service of Summons." The U.S. Marshal sent these forms to the various defendants on May 3, May 20 and June 17 and August 30, 2013. *See*, *i.e.*, Doc. Entries 15-17 (DeSheilds, Dorrough and Trammel); Doc. Ent. 35 (Die); Doc. Ent. 38 (Oparka).

For example, DeSheilds, Dorrough and Trammell have each returned executed waivers of service which were sent to them on June 17, 2013. *See* Doc. Entries 15-17 (DeShields, Dorrough and Trammell's Executed Waivers of Service); *see also* Doc. Entries 22 and 26 (Appearances of Counsel for DeShields, Dorrough and Trammell), Doc. Ent. 30 (Order Permitting Substitution of Attorneys).

Thereafter, as discussed in Section E.1, the U.S. Marshal acknowledged receipt of the Court's July 9, 2013 orders directing service as to Oparka, Die and Daley (Doc. Entries 18-20). *See* Doc. Ent. 21. Furthermore, it is the Court's understanding that the U.S. Marshal mailed waivers to Oparka, Die and Daley on August 30, 2013. *See, i.e.*, Doc. Ent. 35 (Die), Doc. Ent. 38 (Oparka).

On September 6, 2013, the Michigan Department of Attorney General entered an appearance on Daley's behalf. Doc. Ent. 34. Then, it appears that the U.S. Marshal mailed a

waiver to "Officer Dye" on or about September 27, 2013. *See* Doc. Ent. 37.[9] On November 14, 2013, the Michigan Department of Attorney General entered an appearance on Dye-Shelamn's behalf. Doc. Ent. 39. Finally, on November 15, 2013, the Office of the Michigan Department of Attorney General informed the Court that Oparka signed a waiver on November 8, 2013. Approximately two months later, on January 2, 2014, an appearance of counsel was entered for Oparka. Doc. Ent. 40.

***b.*** ***Each of these Fed. R. Civ. P. 4(d)(1) requests for waiver was initiated by the U.S. Marshal.*** Here, plaintiff himself has not incurred "expenses . . . in making service[,]" Fed. R. Civ. P. 4(d)(2)(A). Furthermore, Fed. R. Civ. P. 4(d)(2)(A) would come into play if defendants had not signed and returned a request for waiver without good cause. In other words, "Rule 4(d)(2)(A) provides for the reimbursement of costs incurred for executing personal service *where the defendant has failed to return a waiver request without good cause*." *Sandoval v. Little Concessions, LLC*, No. 10 C 3895, 2011 WL 780874, 1 (N.D.Ill. Feb. 28, 2011) (emphasis added).[10]

As noted in Section E.1, DeShields, Dorrough and Trammel timely returned executed waivers of service. Doc. Entries 15-17. Also, as noted in Section E.4.a, it appears that service upon defendants Dye-Shelamn, Oparka and Daley was accomplished by the U.S. Marshal mailing

---

[9]On September 27, 2013, the U.S. Marshal acknowledged receipt of the Court's September 27, 2013 order directing service as to Dye (Doc. Ent. 36). *See* Doc. Ent. 37.

[10]*See also Bell v. Manhattan Motorcars, Inc.*, No. 06 CV 4972, 2008 WL 2971804, 5 (S.D.N.Y. Aug. 4, 2008) ("Defendants shall bear the cost of such service, pursuant to Rule 4(d)(2)(A) of the Federal Rules of Civil Procedure, if plaintiff must effectuate further service because of defendants' refusal to waive.").

each of them a "Notice of Lawsuit filed *In Forma Pauperis* in the United States District Court for the Eastern District of Michigan and Request for Waiver of Service of Summons."

***c.     Thus, it does not appear that the U.S. Marshal needed to effect service upon defendants Trammell, Dye-Shelamn, Daley, Dorrough, DeSheilds and Oparka in accordance with Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States.").***

Plaintiff's August 29, 2013 filings request that the Court order defendants to pay the costs of "***personal service*** by the U.S. Marshal[.]" Doc. Ent. 27 at 1, Doc. Ent. 28 at 4 (emphasis added).

Fed. R. Civ. P. 4(e) states that, "[u]nless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

>    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>    (2) doing any of the following:
>
>    >    (A) delivering a copy of the summons and of the complaint to the individual ***personally***;
>    >
>    >    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    >
>    >    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

If serving under Fed. R. Civ. P. 4(e)(1), it could be accomplished in accordance with M.C.R. 2.105 ("Process; Manner of Service"), which provides, in part:

>    Process may be served on a resident or nonresident individual by

11

> (1) delivering a summons and a copy of the complaint to the defendant *personally*; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A) ("Individuals.") (emphasis added).

Again, as noted above, it appears that each of the six (6) defendants has waived service. Assuming this is true, the U.S. Marshal does not need to attempt service in accordance with Fed. R. Civ. P. 4(e). *See U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("But if the defendant does not waive service and if no federal statute otherwise supplies a method for serving process, *then* Rule 4(e)'s list of methods is exclusive: personal service (Rule 4(e)(2)(A)); leaving a copy of the complaint and summons at the defendant's "usual place of abode" with someone of suitable age and discretion who resides there (Rule 4(e)(2)(B)); delivering a copy of the complaint and summons to an agent authorized to accept service (Rule 4(e)(2)(C)); or any other manner of serving process permitted by the law of the state where the district court sits (Rule 4(e)(1)).") (emphasis added); *see also Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("if the defendant fails to respond to service by mail, the plaintiff must effect personal service pursuant to Rule 4(e)."); *Ojelade v. Coleman*, 258 Fed. Appx. 257, 258 (11th Cir. 2007) (same) (citing *Lepone-Dempsey*, 476 F.3d at 1281).[11]

**E.  Order**

---

[11]If, in fact, the U.S. Marshal was required to effect service upon any of these defendants in accordance with Fed. R. Civ. P. 4(e), then it may seek reimbursement from any such defendant as permitted by Fed. R. Civ. P. 4(d)(2)(A).

Upon consideration, plaintiff's August 29, 2013 motions (Doc. Ent. 27, Doc. Ent. 28) are DEEMED MOOT to the extent the motions seek assistance with service upon defendants (*see* Section D); GRANTED to the extent plaintiff seeks relief from any attempt by the U.S. Marshal to collect from plaintiff the usual and customary costs of effecting service upon defendants (*see* Section E.3); and DENIED to the extent the motions seek an order requiring defendants to pay the costs of personal service by the U.S. Marshal (*see* Section E.4).

Furthermore, the six (6) defendants SHALL file responsive pleading(s) no later than February 24, 2014. These defendants are cautioned that failure to comply with this requirement or seek extension of this deadline may result in entry of default or default judgment pursuant to Fed. R. Civ. P. 55 ("Default; Default Judgment").

Additionally, the discovery deadline is set for April 24, 2014, and the dispositive motion deadline is set for June 24, 2014.[12]

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Date: January 29, 2014                     s/Paul J. Komives
                                           PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE

---

[12]Plaintiff's September 5, 2013 motion to appoint counsel (Doc. Ent. 31) will be addressed under separate cover. Plaintiff's September 5, 2013 filings include a three-page argument/motion to appoint counsel (Doc. Ent. 31 at 1-3); a one-page memorandum of law/statement of facts (Doc. Ent. 31 at 4); a two-page statement of facts (Doc. Ent. 32 at 1-2); and a verification of service (Doc. Ent. 33).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 29, 2014.

                                              s/ Kay Doaks
                                              Case Manager