UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BANKS,

               Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.

               Defendants.
_____/

Case No. 2:13-cv-10199
Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S SEPTEMBER 23, 2016 MOTION FOR SERVICE OF A SUBPOENA *DUCES TECUM* (DE 70)

**A.    Background**

Ronnie Banks (#292796) is currently incarcerated at the MDOC's Richard A. Handlon Correctional Facility (MTU) in Ionia, Michigan. On January 17, 2013, while incarcerated at the MDOC's Muskegon Correctional Facility (MCF), Banks filed the instant lawsuit against 7 defendants (the MDOC and 6 individuals who allegedly worked at the MDOC's then-Ryan Correctional Facility (RRF)). (DE 1.) Since the filing of Plaintiff's complaint, Defendant MDOC has been dismissed (DE 5), as have Defendants Oparka, Dye-Shelamn, Daley, Dorrough and DeShields (*see* DEs 57, 62, 63).

Thus, at this time, the only remaining defendant is Trammell. Moreover, in accordance with the Sixth Circuit's October 30, 2015 order, Banks's First

1

Amendment claim against Trammell is the only issue to survive summary judgment. (DEs 62, 63.)

**B.     Instant Matter**

Currently before the Court is Plaintiff's September 23, 2016 motion for service of a subpoena *duces tecum*, which Judge Friedman has referred to me for hearing and determination and regarding which Defendant Trammell has filed a response. (DEs 70, 71, 72.) In sum, Plaintiff seeks a copy of Trammell's July 21, 2014 deposition transcript in *Bennett v. Trammell* (Case No. 2:13-cv-10238-GER-MKM (E.D. Mich.),[1] which he claims was recorded at RRF by Helen F. Benhart, CSR-2614.

**C.     Discussion**

It seems that two issues – the manner by which Plaintiff should obtain a copy of the deposition transcript and the cost for doing so – are at issue here. As to manner, I note that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who *requests* it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3) (emphasis added). In other words, as Defendant acknowledges, "no motion is required" for the issuance of a subpoena. (DE 72 at 2.) Moreover, the ideal method by which Plaintiff should

---

[1] The *Bennett* case concluded with an April 29, 2015 stipulated order of dismissal with prejudice. (Case No. 2:13-cv-10238-GER-MKM (DE 44).)

2

obtain a copy of the deposition transcript would be a request as contemplated by Fed. R. Civ. P. 30. This rule provides, in pertinent part: "Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. *When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.*" Fed. R. Civ. P. 30(f)(3) (emphasis added).

As to cost, I note that "discovery itself does not exist to enable a litigant to circumvent the obligation to pay for a transcript of a deposition[.]" § 2117 Transcript of Record, 8A Fed. Prac. & Proc. Civ. § 2117 (3d ed.) (for example, "a Rule 34 request for production of a copy of the transcript cannot be used as a vehicle to avoid purchasing it from the reporter pursuant to Rule 30(f)(3)."). Also, where, as here, a prisoner is proceeding *in forma pauperis*, he "may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003).

In sum, as Defendant Trammell responds, "Plaintiff is free to contact the court reporter and arrange to pay for a copy for himself." (DE 72 at 3.) In other words, "Plaintiff may request a copy of the deposition transcript at his own

expense." *Fuller v. Kerr*, No. 2:13-CV-13171, 2015 WL 1508406, at *1 n.2 (E.D. Mich. Mar. 24, 2015) (Patti, M.J.).

**D.     Order**

Accordingly, Plaintiff's September 23, 2016 motion (DE 70) is

**DENIED**.

**IT IS SO ORDERED.**


Dated: October 25, 2016         s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 25, 2016, electronically and/or by U.S. Mail.

                                s/Michael Willliams
                                Case Manager for the
                                Honorable Anthony P. Patti